DIVERSIFIED PROPERTY CORP., APPELLANT, *v.* WINTERS NATL. BANK & TRUST CO., TRUSTEE, ET AL., APPELLEES.

(No. 3098—Decided February 2, 1967.)

*Messrs. Brownfield, Kosydar, Folk, Yearling & Dilenschneider,* for appellant.
*Messrs. Coolidge, Wall & Wood,* for appellees.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County.

According to the petition, the plaintiff, appellant herein, Diversified Property Corporation, was asked by an agent of defendant shareholders in Gallaher Drug Company to procure a person or corporation "to purchase the Gallaher Drug Co. by buying its shares at thirty-one dollars a share, of which one dollar a share was to be plaintiff's commission." Thereafter, in August 1963, Diversified brought together agents of the defendant trustee and Revco.

At that meeting, the defendant trustee "offered to sell its Gallaher Drug Co. shares for $31.00 a share, consisting of $30.00 net to the selling stockholders, and $1.00 a share to plaintiff as its fee, or commission; and Revco made an offer of approximately one million dollars for sixty thousand (60,000) shares of Gallaher Drug Co., which represented a controlling interest in the company." This offer of Revco was refused by the trustee.

About two years later, in July 1965, Revco purchased a "controlling interest of 62,000 shares of Gallaher Drug Co. from defendant trustee and defendant Young at the price of thirty dollars ($30.00) a share."

In this action, plaintiff seeks to recover from defendants either its commission as originally agreed, or the value of the benefits to the defendants, or damages, in separate causes of action.

The trustee's answer raised two defenses: (1) a general denial for want of knowledge; and (2) that plain-

tiff was not a licensed securities broker, wherefore the conduct upon which it based its right of recovery constitutes a crime and renders its cause of action unenforceable.

Thereafter, a demurrer of the plaintiff to the defendant trustee's second defense was overruled.

Plaintiff then filed a reply stating that it was not a securities broker and that its conduct as set forth in the petition did not constitute a crime.

In answer to interrogatories submitted by defendants, appellees herein, the plaintiff stated further that it was incorporated on December 12, 1962, and that it was dissolved on March 27, 1964.

Thereupon, the defendant trustee demurred to both the plaintiff's petition and reply for the reason that the petition did not state an enforceable cause of action and the reply did not state facts sufficient to avoid the second defense of the defendant trustee.

That demurrer was sustained by the trial court, and the action was dismissed.

In the present appeal, two issues are presented for determination:

1. Whether the appellant has any standing after dissolution to assert the causes of action alleged herein.

2. Whether or not the appellant's pleadings show that its causes of action are based upon an unenforceable contract.

With reference to the first issue, Winters says that even if Diversified brought Winters, the seller, and Revco, the buyer, together to negotiate on certain terms in 1963, the fact that Diversified dissolved in 1964 disables it from bringing an action for commissions when Winters does finally sell to Revco in 1965. Under Winters' theory, Diversified's rights terminated in 1964.

To the contrary, Diversified argues that in 1963 it was employed by Winters to seek a buyer of the shares of stock. Diversified says further that when it did produce a buyer in 1963 an implied contract to pay for Diversified's services came into existence.

A corporation continues to exist for the purpose of winding up its affairs even after dissolution (*Commonwealth Telephone Co. v. Bowers,* 174 Ohio St. 141), and dissolved corporations may now sue and be sued in their own names. 13 Ohio Jurisprudence 2d 427, Section 937.

In view of the facts, the position of Winters is untenable because the actual sale of the shares of stock in 1965 did not alter the relationship of the parties as existant in 1963. Diversified's rights, if any, accrued in 1963 when the alleged contract was consummated and performance thereunder was completed. Its claim existed prior to dissolution, and Section 1701.88, Revised Code, specifically provides that any claim existing prior to dissolution may be prosecuted to judgment.

In the present case, the alleged cause of action did not arise after dissolution, as contended by the appellees, and we are of the opinion that appellant was not precluded by dissolution from instituting the action. See *H. S. Leyman Co. v. Piggly-Wiggly Corp.,* 45 Ohio Law Abs. 528; *Dayton Brew Co. v. Whitcomb,* 4 Ohio Law Abs. 316.

Turning to the second issue presented herein, it is fundamental, of course, that a demurrer searches the record, and the record in this case shows that the appellant was not a licensed securities broker in the state of Ohio.

Section 1707.14 (A), Revised Code, reads as follows:

"(A) No person shall engage in this state in the business of acting as broker for others in the purchase or sale of securities unless such person is licensed as a dealer by the division of securities."

With the foregoing statutory prohibition in mind, we have again examined the appellant's petition. It is replete with references which show that the appellant's role under the alleged contract was to act as a broker to sell shares of stock for a stated commission, and we find no other language in the petition to negate such references or the only reasonable inferences deducible therefrom.

The petition discloses further that appellant's employment involved the sale of shares of stock representing the

"controlling interest" in a company rather than the sale of the business itself as an entirety.

The appellant argues that the transaction described in the petition is exempt from the operation of Section 1707.14 (A) by virtue of the provisions of Section 1707.44 (A), but when those sections are read together, we find nothing in Section 1707.44 (A) which either qualifies or nullifies the express prohibition of Section 1707.-14 (A). Furthermore, Section 1707.44 (G) provides that no person shall knowingly engage in any practice prohibited by the Securities Act, and knowledge in such cases is presumed. Section 1707.29, Revised Code.

In our opinion, the alleged contract in the present case committed the appellant to a violation of Section 1707.14 (A), Revised Code, in order to perform. And where performance of a contract necessarily involves the violation of a statute, the contract itself is against public policy and will not be enforced. 11 Ohio Jurisprudence 2d 331, Section 93 *et seq.*

Here, the record shows on its face that appellant's cause of action is based upon a sale of stock by an unlicensed broker. See, generally, 87 A. L. R. 125; 42 A. L. R. 1226.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.