**MILLER, Appellant,**

v.

**OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.**

[Cite as *Miller v. Ohio Dept. of Human Serv.* (1995), 105 Ohio App.3d 539.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68366.

Decided Aug. 14, 1995.

*Sheldon R. Jaffery,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Margaret E. Viancourt,* Assistant Attorney General, for appellee.

---

NAHRA, Judge.

Appellant, Cecilia Miller, is appealing the order of the trial court affirming the administrative appeal decision of the Ohio Department of Human Services, which held appellant was ineligible for Medicaid benefits. For the following reasons, we affirm.

On September 30, 1986, appellant established an irrevocable *inter vivos* trust containing approximately $111,214.29. Pursuant to the trust, appellant would receive all the income from the trust during her lifetime. Upon appellant's death, the remaining assets would pass under her will. The trustee, Sheldon R. Jaffery, had the right to distribute the principal to the appellant as determined in his sole discretion. Appellant reserved a right to withdraw $5,000 per year from principal, upon written notice to the trustee, to be exercised only by the appellant personally. A spendthrift clause stated:

"The Trustee shall not be liable to any creditor of the Grantor of this Trust with respect to any debt or claim of any kind, nature or description whatsoever and shall not be liable for the payment of any income or principal to any such creditor or claimant or lien upon any income or principal due the Grantor * * *."

The trustee has applied trust principal to pay various expenses of appellant, including utilities, meals on wheels, insurance and nursing home day care.

In 1990, appellant was diagnosed with Alzheimer's disease. In 1993, she entered the Menorah Park Center for the Aging, a nursing home. As part of the admission agreement with the home, appellant agreed to pay all income from the trust to the home and not to invade trust principal in any way that would

diminish the income payable to the home. Appellant further agreed to apply for Medicaid.

Appellant applied for Medicaid on May 27, 1993. Her application was denied because the irrevocable trust assets exceeded the Medicaid resource limitation of $1,500.

Appellant's sole assignment of error states:

"The Cuyahoga County Court of Common Pleas erred in dismissing appellant's appeal with prejudice for the reason that the administrative appeal decision of the Ohio Department of Human Services is not supported by reliable, probative and substantial evidence and is not in accordance with law."

■ The Ohio Department of Human Services ("ODHS") found that appellant's available resources exceeded $1,500, so she was not eligible for Medicaid. See Ohio Adm.Code 5101:1–39–05(A)(4), (5) and (7). ODHS held that the trust in question was a Medicaid qualifying trust, and the entire trust assets were available to appellant. Ohio Adm.Code 5101:1–39–271(G) and (H). Appellant argues that Ohio Adm.Code 5101:1–39–271 as it existed on the date of creation of the trust did not require Medicaid qualifying trusts be deemed available. She also asserts that the spendthrift provision of the trust precludes the assets from being available to distribute to the nursing home. Appellant argues that her agreement with the nursing home precludes invasion of the principal. She also contends that her heirs have a vested interest in the trust assets.

■ The trust in question clearly fits the definition of a Medicaid qualifying trust, under both Ohio and federal law. A Medicaid qualifying trust is "a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual." Section 1396(a)(K)(2), Title 42, U.S.Code; see, also, Ohio Adm.Code 5101:1–39–271(G).

The amount which is available from a Medicaid qualifying trust is the maximum amount the trustee could disburse to the applicant if the trustee exercised his full discretion. Ohio Adm.Code 5101:1–39–271(H); Section 1396a(k)(1), Title 42, U.S.Code. Here, the trustee had the discretion to expend the entire trust fund, so the entire fund was found available.

When the trust was created, Ohio Adm.Code 5101:1–39–271 did not state that Medicaid qualifying trust assets would be deemed available. See 1985–1986 Ohio Monthly Record 542. However, the federal statute, Section 1396a(k), Title 42, U.S.Code was in effect on April 7, 1986, before the trust was created. Ohio

Administrative Code provisions regarding the state Medicaid program must comply with any mandatory provisions of Section 1396a, Title 42, U.S.Code. *Ohio Hosp. Assn. v. Ohio Dept. of Human Serv.* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695. Section 1396a(k) is mandatory. See Section 1396a(a)(17)(B). Additionally, R.C. 5111.012 requires that the state Medicaid program conform to the federal Social Security Act. See *Ohio Hospital Assn., supra.* Thus, federal law existing at the time of the trust's creation deemed the trust assets available.

Additionally, the Medicaid eligibility rules on the date of application for benefits applied, not the rules as of the date of creation of the trust. A former statute only applies if rights or obligations have been acquired under the former statute. *Coca–Cola Bottling Corp. v. Lindley* (1978), 54 Ohio St.2d 1, 8 O.O.3d 1, 10 O.O.3d 254, 374 N.E.2d 400; see R.C. 1.58. Here, appellant did not acquire any rights to Medicaid benefits at the time of the creation of the trust.

Next, we must address the issue of whether the spendthrift trust provision precludes availability. Appellant argues that the trustee cannot distribute the trust principal to the nursing home because of the spendthrift trust clause, so the principal cannot be considered available under Ohio Adm.Code 5101:1–39–271(H) or Section 1396a(k)(1), Title 42, U.S.Code. While the spendthrift provision states that the trustee is not liable to the grantor's creditors, it does not necessarily preclude an invasion of the principal for nursing home expenditures, in the discretion of the trustee. In fact, the trustee has used principal for such expenditures in the past. The trustee's discretion to expend the principal is not impeded by the spendthrift clause. This case is distinguishable from *Soc. Bank Natl. Assn. v. Cayuga Cty. Dept. of Social Serv.* (Mar. 10, 1993), Montgomery App. No. 13624, unreported, 1993 WL 65747, which held the county was not equitably subrogated to a Medicaid recipient's trust interest for Medicaid benefits already paid, because the spendthrift provision precluded subrogation. The issue here is not whether creditors are subrogated to appellant's interest in the trust, but whether the trust is available to the appellant.

This case is also distinguishable from *Society Bank, supra,* because that case involved a testamentary spendthrift trust and this case involves a self-settled spendthrift trust. In general, spendthrift trusts are enforceable and prevent creditors from reaching trust assets. *Scott v. Bank One Trust Co., N.A.* (1991), 62 Ohio St.3d 39, 577 N.E.2d 1077. However, self-settled spendthrift trusts, where the grantor is also the beneficiary, are void as against public policy. *In re Frangos* (1992), 135 Bankr. 272. See Restatement of the Law 2d, Trusts (1959) 326, Section 156; Scott on Trusts (4 Ed. Fratcher Ed.1987) 164, Section 156. The self-settled spendthrift trust provision in this case was void, and did not prevent trust assets from being available.

We do not interpret the appellant's agreement with the nursing home as preventing availability of the trust principal. The trustee agreed with the nursing home that principal would not be invaded "in any way which would diminish the income that is payable to the Home." Payment of the principal to the home gives the home the benefit of both the principal and the income from that principal. The trustee would not violate the agreement by paying nursing home bills with the principal.

Even if the contract is interpreted as preventing the trustee from distributing the principal to the home, the trust principal is still available for purposes of Medicaid eligibility. The amount available from a Medicaid trust is the maximum amount of payments permitted *under the terms of the trust.* Section 1396a(k), Title 42, U.S.Code; Ohio Adm.Code 5101:1–39–271. Contracts outside the trust which limit the trustee's discretion to expend principal are not considered. *Id.* Additionally, if the contract prevented availability of the principal, the contract would be void as against the public policy expressed in Section 1396a(k) and Ohio Adm.Code 5101:1–39–271. See *Diversified Property Corp. v. Winters Natl. Bank & Trust Co.* (1967), 13 Ohio App.2d 190, 42 O.O.2d 307, 234 N.E.2d 608.

██ Appellant also argues that the trustee must act to protect the vested interest of the grantor's heirs, and thus cannot spend all the trust assets on nursing home bills. The heirs have a vested interest subject to complete defeasance. See *Papiernik v. Papiernik* (1989), 45 Ohio St.3d 337, 342–343, 544 N.E.2d 664, 669–671. If the trustee, in his discretion, spends all of the trust assets for the support of the grantor, the heirs take nothing. Spending the trust assets on nursing home bills would not be an abuse of discretion by the trustee. See *Society Bank, supra.* The intent of the grantor was first to provide for her needs during her lifetime. *Id.; In re Estate of Sells* (1968), 15 Ohio App.2d 23, 44 O.O.2d 91, 238 N.E.2d 803. Thus, the interests of the remaindermen did not limit the availability of the trust assets.

ODHS's finding that the trust assets were available for Medicaid eligibility purposes was in accordance with law and supported by reliable, probative and substantial evidence. The trial court did not err in affirming ODHS's denial of benefits to appellant.

Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and DYKE, J., concur.