MARTIN, Appellant,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *Martin v. Ohio Dept. of Human Serv.* (1997), 122 Ohio App.3d 679.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 97–CA–0004.

Decided Aug. 22, 1997.

*Elbert G. Smith*, for appellant.

*Betty D. Montgomery*, Attorney General, *Margaret E. Adams*, Assistant Attorney General, Health and Human Services Section, for appellee.

GRADY, Judge.

This is an appeal from a judgment of the court of common pleas affirming a decision of the Ohio Department of Human Services ("ODHS") that denied Theodora Martin's application for Medicaid assistance. The basis of the denial was a trust that Martin and her late husband had established for their own benefit, which ODHS found was a "countable resource" of Martin's that caused her resources to exceed the maximum for Medicaid eligibility, $1,500.

The trust was established by Theodora Martin and her late husband in 1991. Martin's granddaughter was named trustee. The trust was funded with $65,000 and was made irrevocable in form, though the Martins reserved the power to remove the trustee. The purpose of the trust is stated as follows, in pertinent part:

"*ARTICLE I*

"The Trustee shall collect, receive, and manage the principal and income of the trust estate, and after paying the proper charges and expenses of the Trust, the Trustee shall hold and distribute the net income and principal of the Trust as the

Trustee in her sole and unfettered discretion may deem appropriate for benefit of the Settlors herein. The Trustee is cognizant of the standard of living of the Settlors and their current health conditions.

"Upon the death of the survivor of the Settlors, the remaining trust estate shall be distributed to my children, JANET L. STEED, subject to the following provision, and MARGARET B. MONGOLD, and to my grandchildren, share and share alike, or to their issue per stirpes. Each of the above shall receive an equal share."

Theodora Martin entered a nursing home in February 1996. On March 26, 1996, a Medicaid application was filed on her behalf. The application was denied because the assets of the trust, which then approximated $69,000, exceeded the maximum resource limitation for Medicaid recipients of $1,500. Martin could be eligible for Medicaid benefits only when the assets of the trust are depleted to $1,500, according to ODHS.

The ODHS decision was appealed administratively and was affirmed. Martin appealed the denial to the court of common pleas, which denied her request to reverse, and affirmed the denial by ODHS. Martin then filed a timely notice of appeal to this court:

Assignment of Error

"The trial court erred by affirming the decision of the Department of Human Services that treated as a 'countable resource' the asset donated irrevocably by appellant into a discretionary trust for benefit of the appellant's heirs."

The Medicaid program was established in 1965, pursuant to Title XIX of the Social Security Act, 79 Stat. 343, as amended, Section 1396 *et seq.*, Title 42, U.S.Code, for the purpose of providing "federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae* (1980), 448 U.S. 297, 301, 100 S.Ct. 2671, 2677, 65 L.Ed.2d 784, 794. Ohio has elected to participate in the Medicaid program. R.C. 5111.02. Each participating state develops a plan containing reasonable standards for determining eligibility for and the extent of medical assistance. Section 1396a(a)(17), Title 42, U.S.Code. "An individual is entitled to Medicaid if he fulfills the criteria established by the state in which he lives." *Schweiker v. Gray Panthers* (1981), 453 U.S. 34, 36–37, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460, 465.

Ohio has established a maximum resource limitation of $1,500 for Medicaid recipients. All of an individual's available nonexempt resources are counted toward that limit. Ohio Adm.Code 5101:1–39–05. The resources of an applicant are those available to him when a Medicaid application is filed. *Miller v. Ohio Dept. of Human Serv.* (1995), 105 Ohio App.3d 539, 664 N.E.2d 619.

██ A trust established by a Medicaid applicant with his or her own assets is a "Medicaid qualifying trust" the assets and income of which must be accounted for as resources available to the applicant, regardless of the stated purposes of the trust or whether it is revocable or irrevocable, if there are any circumstances under which payment from the trust could be made to or for the benefit of an individual. Section 1396a(k)(2), Title 42, U.S.Code. Ohio Adm.Code 5101:1–39–271.

██ ODHS correctly found that the assets and income of the trust that Martin and her spouse established for her benefit are resources available to Martin for purposes of determining her Medicaid eligibility because the trust satisfies the definition of a "Medicaid qualifying trust." Therefore, the trial court did not err when it affirmed the decision of ODHS to deny Martin's eligibility until the assets of the trust are depleted to $1,500.

Martin relies on the recent decision in *Young v. Ohio Dept. of Human Serv.* (1996), 76 Ohio St.3d 547, 668 N.E.2d 908, which construed relevant portions of the Ohio Administrative Code to hold that the assets and income of a testamentary trust could not be accounted for as resources available to a Medicaid applicant. In *Young,* however, the trust had been created by a third party, not the applicant, and the express terms of the trust prohibited the trustee from making expenditures for the beneficiary which would render her ineligible for Medicaid. Therefore, the trust in *Young* was not a Medicaid qualifying trust as defined in Ohio Adm.Code 5101:1–39–271.

The facts in *Young* do not apply to the trust that plaintiff–appellant Theodora Martin created with her own assets and for her own unreserved benefit, subject only to the discretion of her trustee to use the assets of the trust for that purpose. Martin's trust is a Medicaid qualifying trust, and pursuant to Ohio Adm.Code 5101:1–39–271 must be accounted for as a part of her resources in determining her Medicaid eligibility. Therefore, *Young* has no application to the issues presented here.

The assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.