PRIOR et al., Appellants,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *Prior v. Ohio Dept. of Human Serv.* (1997), 123 Ohio App.3d 381.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1707.

Decided Sept. 30, 1997.

*Martin, Pergram & Browning Co., L.P.A.,* and *Dennis L. Pergram,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Margaret E. Adams,* Assistant Attorney General, for appellee.

PETREE, Judge.

Appellants, Henry C. Prior and Wanda O. Prior, appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Department of Human Services ("ODHS") that denied Henry Prior's ("appellant") application for Medicaid benefits. Appellants set forth three assignments of error, as follows:

"[I]. The agencies and the trial court committed prejudicial error in finding that the irrevocable trust at issue is a Medicaid qualifying trust, thereby unlawfully denying Henry Prior Medicaid eligibility.

"[II]. The agencies and the trial court committed prejudicial error by disqualifying Henry Prior from Medicaid eligibility based upon a trust in which he had no right to income or principal and had no ownership interest.

"[III]. The agencies and the trial court committed prejudicial error by disqualifying Henry Prior from Medicaid eligibility because the trust agreement contained a provision for loans."

In August 1991, appellant and his wife established an irrevocable family trust. During 1991, appellant and his wife placed resources totaling $437,000 into the

trust. In October 1991, appellant was admitted to a hospital. He was discharged to a nursing home in November 1991.

On March 31, 1995, an application for Medicaid benefits was submitted on behalf of appellant. The Franklin County Department of Human Services ("FCDHS") determined that as of the date the application was filed, the total resources (trust and nontrust) of appellant and his wife amounted to $445,924. After determining appellant's wife's resource allowance, FCDHS determined that appellant had countable resources of $371,104. FCDHS determined that the trust was a Medicaid-qualifying trust and that the entire trust assets were available to appellant. Thus, the trust constituted an available resource that exceeded the $1,500 resource limitation established by the ODHS for Medicaid eligibility. Accordingly, appellant's application for Medicaid benefits was denied.

Appellants appealed the determination to ODHS, which upheld the determination of the FCDHS.

Appellants then appealed ODHS's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12 and 5101.35. The court affirmed the administrative decisions. Appellants then filed a timely notice of appeal to this court.

Appellants' assignments of error raise essentially one issue—whether the irrevocable trust constitutes a "countable resource" under the ODHS Medicaid regulatory scheme set out in Ohio Administrative Code Chapter 5101:1–39.[1] Accordingly, the assignments of error will be addressed together.

Ohio Adm.Code 5101:1–39–271(B)(1) defines a "medicaid qualifying trust," as "a trust or similar legal device established by an individual or spouse (eligible or ineligible) under which (a) the individual is the beneficiary of all or part of the payments from the trust, and (b) the amount of such distribution is determined by one or more trustees who are permitted to exercise any discretion with respect to the amount to be distributed to the individual. The distributable amount from a medicaid qualifying trust has no use limitation. Medicaid qualifying trusts include trusts that are irrevocable or revocable or which are for purposes other than enabling the individuals to qualify for medicaid." 1994–1995 Ohio Monthly Record 1509.

An "individual" is "the person who both establishes the trust (or whose spouse establishes the trust) and is the beneficiary of the trust." Ohio Adm.Code 5101:1–39–271(B)(2). "Beneficiary" is defined in Ohio Adm.Code 5101:1–39–

---

1. The version of the Ohio Administrative Code regarding Medicaid eligibility applicable to the instant case is that was in effect on March 31, 1995, the date appellant's application for Medicaid benefits was submitted. *Miller v. Ohio Dept. of Human Serv.* (1995), 105 Ohio App.3d 539, 664 N.E.2d 619.

271(A)(1)(e), as "any individual, or individuals, designated in the trust instrument as benefiting in some way from the trust. The beneficiary can be the grantor himself, or another individual(s), or a combination of any of these parties."

The amount that is available from a Medicaid-qualifying trust is the maximum amount the trustee could distribute to the applicant assuming full exercise of discretion by the trustee under the terms of the trust. Ohio Adm.Code 5101:1–39–271(B)(3). A "payment" is any disbursal from the principal of the trust or from income generated by the trust that benefits the party who receives it. Ohio Adm.Code 5101:1–39–271(A)(1)(h).

█ In short, "[a] trust established by a medicaid applicant with his or her own assets is a 'Medicaid qualifying trust,' the assets and income of which must be counted as resources available to the applicant, regardless of the stated purposes of the trust or whether it is revocable or irrevocable, if there are any circumstances under which payment from the trust could be made to or for the benefit of an individual * * *." *Martin v. Ohio Dept. of Human Serv.* (1997), 122 Ohio App.3d 679, 702 N.E.2d 915.

█ The trust at issue was established by both appellant and his spouse with jointly owned resources. Although appellant is not specifically named as a beneficiary of the trust, several of the trust provisions indicate that payments benefiting appellant and/or his wife are permitted from the trust.

Article I, Paragraph C of the trust provides for payment of income from the trust for the benefit of appellant's wife:

"During the lifetime of either Donor, the Trustee may pay any portion or portions of the income (if any) of the trust property to one or more of Wanda O. Prior and the Donors' issue if the Disinterested Trustee shall, in his sole discretion, determine that such distribution is necessary to provide for Wanda O. Prior's maintenance and support * * *."

Under this provision, appellant's spouse is clearly a beneficiary of the trust. Although this provision indicates that the trustee, in his discretion, may pay income from the trust to any of the issue of appellant and his spouse, the income is to be paid for the benefit of appellant's spouse to provide for her support and maintenance. Under Ohio Adm.Code 5101:1–39–05(A)(1), "resources" include property that the individual and/or spouse owns, has the right, authority or power to convert to cash, and is not legally restricted from using for support and maintenance. Under the terms of the trust, appellant's wife has the opportunity to receive income from the trust if necessary to provide for her support and maintenance. During the appeal process, appellant's wife testified that she receives payments from the trust upon her request. Since the trust constitutes a resource of appellant's wife, it also constitutes a resource of appellant. Ohio

Adm.Code 5101:1–39–05(A)(1). Thus, even if appellant receives no direct benefit under this provision of the trust, as long as his wife benefits, the trust must be counted as a resource of the couple. Accordingly, appellant is a beneficiary, albeit an indirect beneficiary, of the trust.

Article III of the trust, which discusses the manner of payment and restrictions on alienation, provides further evidence that both appellant and his wife are beneficiaries of the trust. Article III, Paragraph A includes the clause "Whenever a payment of income or principal is to be made to the *Donors or any other beneficiary*" (emphasis added), suggesting that payment of income or principal is available not only to the named beneficiaries, but also to both appellant and his wife. Since both appellant and his wife can receive payment from the trust, both are considered beneficiaries of the trust. Ohio Adm.Code 5101:1–39–271(A)(1)(e).

Finally, Article IV, Paragraph A, Section 19 of the trust contains language reserving the right of appellant and his wife to borrow from the trust while exempting them from providing adequate interest or security for the loans. A disbursal of loan funds would constitute a payment benefiting the party who receives it. Ohio Adm.Code 5101:1–39–271(A)(1)(h). This provision clearly provides a benefit to appellant sufficient to qualify him as a beneficiary pursuant to Ohio Adm.Code 5101:1–39–271(A)(1)(e).

As noted previously, Ohio Adm.Code 5101:1–39–271(B)(3) requires that appellant's "available resources" include the maximum amount of permissible payments that the trustee could disburse if he exercised his full discretion. The above-cited provisions do not contain any limitation on the amount of trust funds that could be disbursed for the maintenance and support of appellant's wife or loaned to appellant and/or his wife. Even assuming, as appellant argues, that the terms of the trust implicitly restrict the trustee from loaning funds to appellant if he is unable to repay them, such a restriction would be irrelevant pursuant to Ohio Adm.Code 5101:1–39–271(A)(2).[2] Thus, the full value of the trust is an "available resource" to appellant.

Despite these trust provisions, appellant argues that he is not a "beneficiary" of the trust for purposes of Ohio Adm.Code 5101:1–39–271(B)(1) and (2), as he does not meet the strict legal definition of "beneficiary" as found in Black's Law

---

2. Ohio Adm.Code 5101:1–39–271(A)(2) reads as follows:
   "(2) The policy set forth in this rule applies to trusts without regard to the following:
   "(a) The purpose for which the trust is established;
   "(b) Whether the trustee has or exercises any discretion under the trust;
   "(c) Any restrictions on when or whether distributions can be made from the trust;
   "(d) Any restrictions on the use of distributions from the trust.
   "(e) No clause or requirement in the trust, no matter how specifically it applies to medicaid, or other federal or state programs, precludes a trust from being considered under the policy in this rule."

Dictionary. However, in this context, we need not apply the Black's definition, as Ohio Adm.Code 5101:1–39–271(A)(1)(e) specifically defines "beneficiary" for purposes of determining whether a trust constitutes a Medicaid-qualifying trust. The definition set forth in Ohio Adm.Code 5101:1–39–271(A)(1)(e) is clearly broader than that found in Black's, which defines "beneficiary" strictly in terms of legal interests.

The common pleas court noted this distinction and concluded that it was not unreasonable for the administrative hearing officers to conclude that the attorney who represented the FCDHS stipulated only to the fact that appellant was not a "beneficiary" of the trust as that term is defined in Black's, but could be considered a "beneficiary" of the trust as defined by Ohio Adm.Code 5101:1–39–271(A)(1)(e).

Appellant also argues that, even if the trust is a Medicaid-qualifying trust, the trust is not an available resource because he has no right to the principal or income from the trust and has no ownership interest in the trust. Appellant relies on the Ohio Supreme Court's decision in *Young v. Ohio Dept. of Human Serv.* (1996), 76 Ohio St.3d 547, 668 N.E.2d 908, which construed relevant portions of the Ohio Administrative Code to hold that the principal and income of a testamentary trust could not be counted as resources available to a Medicaid applicant.

We find *Young* distinguishable both factually and legally. The trust at issue in *Young* was created by a third party, not the applicant. Thus, the applicant had no right to or interest in the funds prior to the creation of the trust. In the instant case, appellant and his wife created the trust with their own assets. Unlike *Young*, appellant had an ownership interest in the funds prior to establishing the trust.

Further, the *Young* court relied, in part, on language from a former version of Ohio Adm.Code 5101:1–39–271, which stated that trust principal is not a resource of a trust beneficiary if his access to the trust principal is restricted. See former Ohio Adm.Code 5101:1–39–271(E). 1992–1993 Ohio Monthly Record 265. That language was deleted from the version of the regulation that applies to this case and new language was inserted into the regulation that states that the regulation applies to trusts without regard to any restrictions on whether distributions can be made from the trust. Ohio Adm.Code 5101:1–39–271(A)(2). The language deleted from the regulation had created an exception to the requirement under the regulation that the maximum amount of trust principal that could be distributed to a beneficiary under the trustee's discretion must be deemed an available resource of the beneficiary. In the version of the regulation that applies to the instant case, this requirement is found at Ohio Adm.Code 5101:1–39–271(B)(3). Since the exception relied upon in *Young* has been deleted from the

regulation that applies in the instant case, Ohio Adm.Code 5101:1–39–271(B)(3) controls, and the trust principal must be considered an available resource.

*Young* also relied, in part, on former Ohio Adm.Code 5101:1–39–05(A)(8) (the substance of which appears in the applicable version at Ohio Adm.Code 5101:1–39–05[A][15][a], 1994–1995 Ohio Monthly Record 1074), which stated that a resource will not be counted unless the applicant has both a legal interest in the resource and the legal ability to use or dispose of the resource. 1992–1993 Ohio Monthly Record 1134. The *Young* court found that the trust principal in that case could not be treated as an available resource for the reason that a beneficiary's interest in the principal of a trust is equitable rather than legal. However, the *Young* court could not have considered whether Ohio Adm.Code 5101:1–39–05(A)(15)(a) applies when it conflicts with Ohio Adm.Code 5101:1–39–271(B)(3). In *Young,* the regulations did not conflict because the older regulation contained an exception that applied in *Young,* which made the requirement now found in Ohio Adm.Code 5101:1–39–271(B)(3) inapplicable. In the instant case, because the exception contained in the older regulation no longer exists, a conflict exists between the two regulations.

■ Ohio Administrative Code provisions concerning the state Medicaid program must comply with Section 1396a(k), which is a mandatory provision of Section 1396a, Title 42, U.S.Code. *Miller v. Ohio Dept. of Human Serv.* (1995), 105 Ohio App.3d 539, 543, 664 N.E.2d 619, 621. Thus, to the extent that Ohio Adm.Code 5101:1–39–271(B)(3) conflicts with Ohio Adm.Code 5101:1–39–05(A)(15)(a), Ohio Adm.Code 5101:1–39–271(B)(3) controls, as it restates and interprets Section 1396a(k), Title 42, U.S.Code. Pursuant to Ohio Adm.Code 5101:1–39–271(B)(3), the trust principal in the instant case constitutes an available resource of appellant.

ODHS's finding that the trust assets were available for Medicaid eligibility purposes was in accordance with law and supported by reliable, probative and substantial evidence. The trial court did not err in affirming the ODHS's denial of benefits to appellant. Accordingly, appellants' assignments of error are not well taken.

For the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

LAZARUS and PEGGY BRYANT, JJ., concur.