**In re Steven ANDREWS, Debtor.**

No. 03–33319.

United States Bankruptcy Court, N.D. Ohio.

Oct. 2, 2003.

Brent A. Rowland, Marion, OH, for Debtor.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a hearing on the Trustee's Objection to the Debtor's Claim of Exemption in a De-

ferred Annuity. At issue at this Hearing was the applicability of O.R.C. § 3911.10 which generally confers upon a debtor the right to exempt his or her interest in a life insurance policy so long as the policy is for the benefit of a family member. At the conclusion of this Hearing, the matter was taken under advisement so as to enable the Court to thoroughly review the applicable arguments as well as the evidence presented. The Court has now had the opportunity to conduct this review, and for the reasons that are set forth below, the Court finds that the Trustee's objection should be Sustained to the extent that it applies to the Debtor's right to an exemption in his annuity under § 3911.10.

## FACTS

The Debtor, Steven M. Andrews, is the owner of a deferred annuity issued by IDS Life Insurance Company. This annuity was created in 1989 for a stated retirement date in the year 2036. The terms of this annuity provided that the Debtor was to make annual contributions, for which he would become entitled, upon his retirement, to certain minimum annual payments. To the extent allowed by law, the contract provided that the payments received by the Debtor would not be subject to the claims of creditors or to legal process.

The contributions made by the Debtor in the IDS annuity were invested in mutual funds, which, subject to the choices offered by IDS, could be designated by the Debtor. With respect to his contributions, the IDS annuity provided the Debtor with a cash surrender option, which at the time of the hearing held on this matter was valued at approximately $8,000.00. The Debtor was also provided with the right to name (and change at anytime) beneficiaries who, in the event of his death while the contract was in effect, would become entitled to receive his annuity benefits.

On April 30, 2003, the Debtor filed a petition in this Court for Relief under Chapter 7 of the United States Bankruptcy Code. In his bankruptcy petition, the Debtor listed his interest in the IDS annuity, and claimed it exempt pursuant to O.R.C. § 2329.66(A)(10).

## DISCUSSION

The Debtor in this case seeks to fully exempt his interest in an annuity. For purposes of bankruptcy law, the Supreme Court has defined an exemption as "an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 1334 & 157(b)(2)(B).

At the hearing held on the Trustee's objection to the Debtor's claim of exemption, the arguments made by the Parties centered around the applicability of O.R.C. § 3911.10. As the party objecting, the Bankruptcy Rules of Procedure place the burden upon the Trustee to establish that the Debtor's exemption is not properly claimed. BANK.R.4003(c). In making this determination, this Court is guided by the principle that, so as to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *In re Young,* 93 B.R. 590, 595 (Bankr. S.D.Ohio 1988).

The ability of a debtor to exempt an annuity under § 3911.10 is initially set forth in O.R.C. § 2329.66, the general provision governing exemptions in the State of Ohio, which provides that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgement or order, as follows:

(6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]

In turn, § 3911.10, states, in relevant part:

All contracts of life or endowment insurance or annuities upon the life of any person ..., which may hereafter mature and which have been taken out for the benefit of, ... the spouse or children, or any persons dependent upon such person, ... shall be held together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

■■ As the above language of § 3911.10 shows, an annuity, like an insurance contract, is modified by two clauses: (1) "upon the life" and (2) "taken out for the benefit of[.]" This conforms to the underlying concept of life insurance which is to compensate the policy beneficiary for the loss of life of the insured. *Vesta Ins. Co. v. Amoco Prod. Co.,* 986 F.2d 981, 985–86 (5th Cir.1993) *cert. denied,* 510 U.S. 822, 114 S.Ct. 80, 126 L.Ed.2d 48 (1993); *In re Fichter,* 45 B.R. 534, 536 (Bankr.N.D.Ohio 1984). In general terms, however, an annuity does not have either of these attributes, with an annuity being defined as a contractual "right to receive fixed, periodic payments, either for life or for a term of years [or a] fixed sum payable to a person at specified intervals for a specific period of time or for life." *Williams v. Metzler,* 132 F.3d 937, 947 (3rd Cir.1997), *citing* Black's Law Dictionary, at 90 (6th ed.1990). Thus, broadly speaking, a life insurance policy, but not an annuity, has the necessary attributes, as is set forth in the modifying language of § 3911.10, to qualify for an exemption under this provision.

However, over the years both life insurance and annuities have come to be used extensively as investment tools. In some instances, however, when used as an investment tool, the primary function of the life insurance policy becomes not to insure the life of the insured, but rather to function as an investment planning device for the insured. In a similar manner, some investments packaged as annuities have taken on many of the attributes of life insurance. As explained by this Court in a previous decision:

The continued evolution of products marketed by life insurance companies has resulted in hybrid instruments such as the Individual Flexible Premium Deferred Fixed and Variable Annuity Contract under consideration in this case. These instruments are designed to provide features of traditional insurance products: avoidance of probate, flexible payment options, tax sheltered investment appreciation, and the protection of state insurance regulation, while at the same time allowing investment opportunities and flexibility traditionally found only in direct market or mutual fund investments. Because of this complexity, categorizing these products in terms of the more static descriptions of the statutes can be difficult.

*In re Quintero,* 253 B.R. 832, 834 (Bankr. N.D.Ohio 2000).

■■ Section 3911.10, however, eliminates any difficulties that may be caused by the labels attached to an investment, by instead focusing on the substance of the contract. That is, by modifying the subject matter of O.R.C. § 3911.10—i.e., contracts of life, endowment or annuities—with the key attributes associated with life insurance,—i.e., "upon the life" and "taken

out for the benefit of"—§ 3911.10 ensures that its applicability will only extend to those contracts which are actually in the nature of life insurance. As succinctly stated in *In re Fichter,* "the qualification of 'annuities' by the phrase 'upon the life of any person' demonstrates that this section was intended to exempt annuities that have the same function as life insurance." 45 B.R. at 536.

This narrow reading of § 3911.10 also conforms to the statutory framework of the Ohio Revised Code. For example, the subject matter of title 39, chapter 11 of the Ohio Revised Code, from which § 3911.10 is derived, relates solely to life insurance.[1] Additionally, annuities are also exempt under paragraphs (b) and (c) of O.R.C. § 2329.66(A)(10); however, unlike § 3911.10, paragraphs (b) and (c) of § 2329.66(A)(10) imposes certain restrictions on the ability of a debtor to exempt an annuity. For example, under paragraph (b) remunerations from an annuity are only exempt to the extent that they are reasonably necessary for the support of the person. A narrow reading of § 3911.10 thus, in conformance with basic tenets of statutory constructions, harmonizes the two exemption statutes. *United States v. Borden,* 308 U.S. 188, 198–99, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939) (when there are two acts upon the same subject, the rule is to give effect to both if possible); *see also, State ex rel. Gains v. Rossi,* 86 Ohio St.3d 620, 716 N.E.2d 204 (1999) (in interpreting related and co-existing statutes, we must harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict.)

In support of the applicability of § 3911.10, the Debtor raised essentially two separate arguments. First, the Debtor argues that his annuity is exempt be-cause the contract, itself, provides that it is beyond the reach of the claims of creditors. Second, the Debtor argues that be-cause his annuity investment with IDS permitted him to name beneficiaries, it essentially served the same function as a life insurance policy for purposes of § 3911.10.

█ Unless otherwise permitted by law, voluntary restraints on the alienation of property are not recognized when they used to enable a debtor to avoid the claims of his or her creditors. *Metz v. Ohio Dep't of Human Servs.,* 145 Ohio App.3d 304, 313, 762 N.E.2d 1032, 1040 (6th Dist.2001) (spendthrift provisions in a self-settled trust are void because they are contrary to public policy); *Miller v. Ohio Dept. of Human Serv.,* 105 Ohio App.3d 539, 543, 664 N.E.2d 619, 621 (8th Dist.1995) (self-settled spendthrift trusts, where the grant-or is also the beneficiary, are void as against public policy). Thus, the Debtor's first argument is essentially circular, in that it only has efficacy to the extent that the Debtor is actually entitled to claim an exemption under § 3911.10. In this regard, it is noted that the provision of the Debt-or's annuity contract used to support his position actually expounds this principle by providing that: *"To the extent allowed by law,* payments are not subject to the claims of creditors or to legal process." (Emphasis added).

█ With respect to the Debtor's second argument, it is true that one of the fundamental qualities of a life insurance policy is the naming of a beneficiary. On the other hand, many different types of personal investments, most of which have no resemblance to life insurance, also have beneficiary clauses. In this respect, a ben-eficiary clause is simply a device which

---

1.  The Chapter is entitled "Domestic and For-  eign Life Insurance Companies".

confers certain advantages to the investor—the possibility of avoiding probate, possible beneficial tax consequences, as well as simply providing the investor with peace of mind. Therefore, while the existence of a beneficiary clause does have some relevancy, it is not dispositive. Instead, as explained above, the focus of whether an annuity qualifies as exempt under § 3911.10 is on the actual substance of the underlying transaction: If it is to truly compensate for loss, which is the essence of insurance, then it will be protected by § 3911.10; on the other hand, if the substance of the annuity transaction is an investment, then it will not qualify as exempt under § 3911.10.

In *In re Quintero*, this Court held that a functional determination as to whether an annuity contract actually exists to compensate the beneficiaries for a loss, and thus is the nature of insurance, hinges on an affirmative answer to this question: Upon the death of the annuitant, will the beneficiaries receive a significantly greater pecuniary benefit than what the policy would have otherwise been worth in the hands of the annuitant? 253 B.R. at 836. As applied to this case, the Court, after thoroughly reviewing the IDS annuity, could not discern anything which would indicate the existence of any increase in benefits for the Debtor's beneficiaries upon his death. To the contrary, the annuity contract made it clear that the beneficiaries were limited by the extent of the Debtor's interest in the policy. That is, any pecuniary benefits received by the Debtor's beneficiaries were simply derived and also limited to the same pecuniary benefits which would have otherwise been accorded to the Debtor. By way of example, the contract stated that if the Debtor "dies after the retirement date, the amount payable, if any, will be as provided in the Annuity Payment Plan then in ef-

fect." In addition, this provision, among others, makes it clear that the primary purpose of the Debtor's annuity was to provide him with a source of income upon retirement, not to compensate his beneficiaries for his death. In this regard, the initial terms of the annuity contract provided that the Debtor, as the annuitant, had an expected retirement date in the year 2036. Thus, for these reasons, this Court simply cannot find that the Debtor is entitled to exempt his annuity under § 3911.10.

Notwithstanding, the Debtor in his bankruptcy schedules also claimed an exemption in his annuity under O.R.C. § 2329.66(A)(10). Neither the Debtor nor the Trustee, however, argued the applicability of this section. Accordingly, to resolve this matter, a further hearing on the Trustee's objection will be set.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Debtor's Claim of Exemption in a Deferred Annuity, be, and is hereby, SUSTAINED to the extent that the Debtor claims the annuity exempt under O.R.C. § 2329.66(A)(6)(b) and O.R.C. § 3311.10.

It is **FURTHER ORDERED** that a further hearing on the Trustee's Objection to the Debtor's claim of exemption, be, and is hereby, set for Tuesday, October 28, 2003, at 1:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo.