FOSS, APPELLEE, *v.*
BERLIN, APPELLANT.

(No. 81AP-142—Decided September 17, 1981.)

_____

_____

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Robert E. Albright* and *Ms. Sharon V. Fladen,* for appellee.

*Mr. John H. Lewis* and *Mr. Gilbert L. Krone,* for appellant.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas, Franklin County, Ohio.

Defendant, a builder and a real estate developer entered into a written contract with plaintiff, a licensed real estate broker, for payment of an $80,000 commission for the sale of Concourse Apartments. Defendant paid the initial $20,000 installment after the closing, but refused to pay the remaining $60,000 plus interest, despite the fact that plaintiff performed his part of the contract.

Whereupon, plaintiff sued defendant for breach of contract. The case was tried to the court. The defendant requested separate findings of fact and conclusions of law, pursuant to Civ. R. 52, which the court filed on January 27, 1981. Shortly thereafter, the judgment entry was filed, which reads as follows:

"This action came on for trial before the Court, the jury having been waived by both parties, on January 20, 1981, at which time the issues in the complaint and Count One of the Amended Counterclaim were heard by the Court and were duly tried, and a decision thereon has been duly rendered.

"Upon the evidence presented, the Court finds as follows: that the First, Second, Third, Fourth, Fifth and Sixth Defenses set forth in the Answer are not supported by the evidence presented; that the plaintiff proved his case by a preponderance of the evidence; that the defendant has failed to pay the commissions in accordance with the contract; and that the plaintiff is entitled to a judgment in the amount of the commissions due and the interest in accordance with the contract.

"It is, therefore, ORDERED, AD- JUDGED and DECREED that judgment be and hereby is rendered for the plaintiff in the amount of Seventy-two Thousand Eight Hundred Sixty-eight and 32/100 ($72,868.32) Dollars, with interest at the rate of eight and one-half (8½%) per cent per annum from January 20, 1981. Costs to the defendant."

Defendant has now perfected this appeal, including the following assignments of error:

"1. The trial court erred in its application of law to the undisputed evidence and exhibits in finding that the contract prepared by plaintiff did not constitute the unauthorized practice of law.

"2. The trial court erred in finding in the alternative that even if the contract prepared by plaintiff was the practice of law, it was enforceable because of the theory of unjust enrichment of defendant.

"3. The trial court erred in finding that plaintiff [*sic*] cannot assert as a defense in a civil action on a contract that it was prepared pursuant to the unauthorized practice of law, and, therefore, an illegal contract without first having filed a complaint and having a hearing and determination of the issue of unauthorized practice of law by the Board of Commissions [*sic*] appointed by the Ohio Supreme Court.

"4. By reason of the individual and collective errors recited in the first three assignments of error, the court erred in awarding judgment to plaintiff on the complaint and dismissing the first count of defendant's counterclaim."

The assignments of error are interrelated and considered together as they involve the single issue of whether a real estate broker's drafting of a real estate sales contract constitutes the unauthorized practice of law, such as to void the contract as illegal and, hence, relieve defendant from his obligation to pay the broker his commission. The drafting of a contract between two parties may constitute the unauthorized practice of law (R.C. 4735.18[FF]), but in this case did not

vitiate the contract. Plaintiff would be prevented from collecting a legal fee and could be subjected to appropriate action under R.C. 4735.21. Nevertheless, if the subject matter of such contract is not otherwise illegal, the unauthorized practice of law did not vitiate the contract.

Although plaintiff's actions in drafting the contract constituted the unauthorized practice of law, such conduct is available to defendant as a defense only should plaintiff attempt to profit from the unauthorized practice itself, by attempting to charge defendant a fee for drafting the contract. In this case, however, plaintiff is not attempting to profit from the unauthorized practice of law; rather, he seeks compensation for selling real property as a broker. Hence, defendant requests an inappropriate sanction. The proper remedy in this case would be available under the licensing regulations of R.C. Chapter 4735. Therefore, defendant's assignments of error are not well taken and are overruled.

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and NORRIS, JJ., concur.