COCON, INC., APPELLANT, *v.*
BOTNICK BUILDING COMPANY ET AL.,
APPELLEES.

(No. 14002—Decided July 5, 1989.)

*John P. Lazar,* for appellant.
*Ralph P. Sobieski,* for appellees.

CACIOPPO, P.J. In January 1979, Property Tax Consultants ("PTC"), and appellees entered into a contract wherein PTC would provide property tax consulting services. In September 1985, PTC represented appellees at a valuation hearing before the Summit County Board of Revision. As a result of the tax services to appellees, PTC invoiced the appellees a total of $17,811.45.

Appellees failed to pay PTC. Subsequently, PTC merged with appellant, Cocon. Cocon brought suit against the appellees requesting the amount owed for services pursuant to the contract. The case was referred to arbitration. The arbitration panel, deciding only the factual issues, found in favor of Cocon for the total amount requested in the complaint.

Subsequently, the trial court ruled on the parties' motions for summary judgment. The court granted the appellees' motion for summary judgment, thereby dismissing Cocon's complaint. From this judgment Cocon appeals.

Assignment of Error I

"The trial court erred in not construing defendant's motion for summary judgment, with regard to the 'real party in interest' issue as a motion to join a necessary party per Civ. R. 19(A)."

Cocon argues that the court erred

in not construing appellees' motion for summary judgment as a Civ. R. 19(A) motion for joinder.

There is nothing in the record before us supporting Cocon's contention that appellees' motion for summary judgment should be construed as a motion for joinder.

Cocon's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in finding that plaintiff-appellant is a foreign corporation within the meaning of O.R.C. Sec. 1703.29(A)."

R.C. 1703.29 states in part:

"(A) The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license. * * *"

However, R.C. 1703.02 provides in part:

"Sections 1703.01 to 1703.31, inclusive, of the Revised Code do not apply to corporations engaged in this state solely in interstate commerce * * *."

Cocon concedes it is a Michigan corporation and is not licensed in Ohio pursuant to R.C. Chapter 1703. However, Cocon argues that it is exempt from such compliance since it is engaged only in interstate commerce in Ohio.

"The determination of whether a corporation engages solely in interstate commerce and is thus exempt from a state's licensing requirements is largely factual, dependent upon the totality of the relevant circumstances surrounding the corporation's business operations. * * *" *Contel Credit Corp.* v. *Tiger* (1987), 36 Ohio App. 3d 71, 73, 520 N.E. 2d 1385, 1386. However, "a foreign corporation engages in business within a state when 'it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary and customary business * * *.' " *Id.* at 73, 520 N.E. 2d at 1387.

In the instant case, Cocon filed a complaint and appeared before the Summit County Board of Revision on behalf of the appellees. It is apparent that Cocon is not engaged solely in interstate commerce and is thus not entitled to an R.C. 1703.02 exemption.

Cocon's second assignment of error is overruled.

### Assignment of Error III

"The trial court erred in finding that plaintiff-appellant's representation of clients before the Summit County Board of Revision constituted the unauthorized practice of law."

Cocon contends that the representation of a person before the Summit County Board of Revision does not constitute the practice of law as defined in R.C. 4705.01.

When the board's proceedings involve the preparation of the record for all subsequent court proceedings with respect to the claim involved, then only an attorney may represent another before that board. See *Goodman* v. *Beall* (1936), 130 Ohio St. 427, 5 O.O. 52, 200 N.E. 470. Pursuant to R.C. 5715.05, the board of revision must take minutes of all evidence before the board and keep separate records of each complaint. Under R.C. 5717.05, the complainant may directly appeal the board's decision to the court of common pleas. Therefore, advocacy by a layman, on behalf of non-related complainants before the county board of revision, constitutes the unauthorized practice of law as prohibited by R.C. 4705.01.

44

Appellant's third assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and BAIRD, JJ., concur.