JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Gloria A. Crawford appeals from the trial court's decision to grant judgment to defendant-appellee FirstMerit Mortgage Corporation ("FirstMerit") on the pleadings filed in this case.
 {¶ 2} Crawford presents two assignments of error. She argues that the trial court wrongly concluded based upon the pleadings that it lacked subject matter jurisdiction over her claim for relief. She further argues that the trial court's "alternative" theory of dismissal, viz., that she failed to state a claim upon which relief could be granted, also was incorrect. *Page 2 
 {¶ 3} This court disagrees with Crawford's arguments. Consequently, the trial court's order of judgment in favor of FirstMerit is affirmed.
 {¶ 4} Crawford filed this action on June 7, 2006 as a class action against FirstMerit "to recover document preparation fees charged for services performed by clerical personnel in preparing or completing legal documents relating to the issuance of mortgage loans." Crawford alleged that in spite of the fact that "Ohio law prohibits Firstmerit [sic] from charging fees for such services performed by non-attorneys," FirstMerit nevertheless "routinely charges customers" those fees.
 {¶ 5} Crawford's complaint asserted that in connection with her June 2001 mortgage loan, FirstMerit charged her a $300 fee for "document preparation" which was done by "agents or employees of Firstmerit [sic] who are not attorneys licensed to practice law." She asserted that "common questions of law and fact" included, inter alia, whether "agents or employees" of FirstMerit who prepared those "legal documents * * * were not licensed to practice law," and whether the fee for such services performed by non-attorneys "is prohibited by Ohio law."
 {¶ 6} Based upon these assertions, Crawford presented two claims against FirstMerit for fees charged to its mortgage loan customers: 1) "money had and received," i.e., FirstMerit "should not be allowed to retain" fees that are "prohibited by Ohio law;" and, 2) unjust enrichment. *Page 3 
 {¶ 7} In its answer, FirstMerit admitted it charged Crawford a $300 fee in connection with her loan. FirstMerit asserted that the forms to which the fee applied were drafted by a "third party" to assure those forms complied with state and federal law, and that its employees merely "input borrower-specific information into those forms in advance of a loan closing." It denied the remainder of the pertinent allegations.
 {¶ 8} FirstMerit raised several affirmative defenses which included failure "to state a claim upon which relief could be granted" and "there is no private right of action under Ohio law for the unauthorized practice of law."
 {¶ 9} On September 21, 2006 FirstMerit filed a Civ.R. 12(C) motion for judgment on the pleadings. It argued that Crawford's claims were actually a single claim over which the trial court lacked subject matter jurisdiction. FirstMerit contended that only the Ohio Supreme Court could consider a complaint that raised the issue of the unauthorized practice of law.
 {¶ 10} Crawford responded to FirstMerit's motion. She argued that since Ohio law prohibited FirstMerit from charging a fee "for legal work performed by nonlawyers," FirstMerit had been unjustly enriched and should not be permitted to retain that money. Crawford further asserted that entertaining a suit for "restitution" brought by a person who paid such a fee would not interfere with the Ohio Supreme Court's jurisdiction over the unauthorized practice of law, since the supreme court *Page 4 
considered only "punishment" and "prevention," whereas she sought "compensation."
 {¶ 11} FirstMerit filed a reply brief, reminding the trial court of Section 2(B)(1)(g), Article IV of the Ohio Constitution, which confers on the supreme court "exclusive jurisdiction over all matters related to the practice of law."
 {¶ 12} Subsequently, Crawford filed in the trial court a "submission of supplemental authority." While acknowledging the recent enactment of R.C. 4705.07 did not apply to her claims because the conduct at issue occurred prior to the statute's effective date, she nevertheless asserted the statute's passage "confirm[ed] the Plaintiff's standing to bring a private cause of action to pursue a substantive claim to recover money based upon conduct involving the unauthorized practice of law * * *."
 {¶ 13} Crawford, however, failed to address the statutory language that first mandated a finding by the supreme court that a person has engaged in the unauthorized practice of law before a civil suit for damages against that person could proceed. FirstMerit corrected this oversight in its responsive brief to Crawford's submission.
 {¶ 14} On December 6, 2006, the trial court issued a lengthy judgment entry granting FirstMerit's motion for judgment on the pleadings. *Page 5 
 {¶ 15} The trial court determined that Crawford's complaint sought restitution for legal services performed by non-lawyers, but in Ohio at the time of her mortgage loan, no private right of recovery for the unauthorized practice of law existed. The court additionally found that the language of R.C. 4705.07 served to confirm the Ohio Supreme Court's exclusive jurisdiction over matters concerning the unauthorized practice of law. Therefore, the court concluded that it lacked jurisdiction to consider Crawford's claims.
 {¶ 16} As an aside, the trial court stated that even if it had jurisdiction to consider Crawford's claims, she failed to state a claim upon which relief could be granted. The court came to this conclusion based on its "belief from the pleadings that FirstMerit had not engaged in the unauthorized practice of law.
 {¶ 17} The trial court ultimately dismissed Crawford's claims with prejudice.
 {¶ 18} Crawford appeals from the trial court's decision with two assignments of error.
 "I. The trial court erred by dismissing the complaint for lack of subject matter jurisdiction.
 "II. The trial court erred by holding, alternatively, that the complaint fails to state a claim upon which relief can be granted."
 {¶ 19} Crawford argues that the trial court incorrectly concluded that it could not consider a claim seeking to recover a fee charged by a non-lawyer for legal *Page 6 
services, because adjudication of such a claim "does not impinge upon the Ohio Supreme Court's jurisdiction." This court disagrees.
 {¶ 20} In construing a Civ.R. 12(C) motion for judgment on the pleadings, the court must construe as true all material allegations in the complaint, along with all reasonable inferences to be drawn therefrom. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-66. The determination of the motion is restricted solely to the allegations in the pleadings. Id. The motion must be granted if the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of her claim that would entitle her to the relief requested. Sarum Mgt. v. AlexN. Sill Co., Summit App. No. 23167, 2006-Ohio-5710, ¶ 6.
 {¶ 21} "[F] or purposes of analysis, the form of the relief sought is not dispositive." Miami Valley Hosp. v. Combs (1997),119 Ohio App. 3d 346 at 351. Crawford sought relief, in whatever form, based upon a claim that, in preparing mortgage loan documents, FirstMerit's clerical workers were engaged in the unauthorized practice of law. Thus, Crawford sought a determination that FirstMerit engaged prohibited conduct. The Ohio Supreme Court is "the only entity with the authority to determine whether the alleged conduct actually constituted the unauthorized practice of law." Sarum Mgt. v. Alex N. Sill Co., Inc., supra, 4|34.
 {¶ 22} R.C. 4705.01 states, in relevant part, that "[n] o person shall be permitted to practice as an attorney * * * unless the person has been admitted to the *Page 7 
bar by the supreme court in compliance with its prescribed * * * rules." Furthermore, the supreme court is given exclusive jurisdiction by the Ohio Constitution over all matters that pertain to the practice of law. The statute is not intended to provide a private remedy for violations.Miami Valley Hosp. v. Combs, supra.
 {¶ 23} Indeed, the rules implementing it "reveal an explicit intent to deny a private remedy, or to restrict any remedy to the procedures contained in the rules. Implementation of the prohibition against the unauthorized practice of law is covered by Gov.Bar R. VII, which establishes a Board * * * and further details certain procedures for investigation and prosecution of proceedings arising from complaints * * *. Each bar association in the state is allowed to establish a committee on the unauthorized practice of law, and both these committees and Disciplinary Counsel are required to investigate * * *. If warranted by the investigation, a formal complaint is filed with the board, which * * * sends its findings and recommendations to the Ohio Supreme Court. * * * [T]he Supreme Court can issue whatever orders it deems proper * * *." Id. at 352. The foregoing procedure is "the exclusive avenue for complaints." Id.
 {¶ 24} The above analysis conducted by the Montgomery Court of Appeals remains persuasive in light of the recent enactment of R.C. 4705.07. Pursuant to subsection (B)(2), "the determination whether a person has committed the *Page 8 
unauthorized practice of law in violation of division (A)(3) is solely within the purview of the Ohio Supreme Court." Sarum Mgt. Inc. v. AlexN. Sill Co., supra, 4|28.
 {¶ 25} Subsection (C)(2) now allows a civil action to recover damages from the violator, but only after "a finding by the supreme court that the violator actually committed an act that is prohibited by the supreme court as being the unauthorized practice of law." Id., 4|29. Thus, the statute does not proscribe "certain types of conduct," it simply "provides the framework for a private right of action * * *." Id.
 {¶ 26} The Ohio Supreme Court recently has reiterated its exclusive jurisdiction to evaluate whether a person is engaged in the unauthorized practice of law in Cleveland Bar Assn. v. Compmanagement, Inc.,111 Ohio St.3d 444, 2006-Ohio-6108. At ¶¶ 22-24. Therein, the court made the following observations:
 {¶ 27} "Gov.Bar R. VII(2)(A) defines the unauthorized practice of law as the `rendering of legal services for another by any person not admitted to the practice in Ohio,' and [the supreme court] retains broad authority to define the practice of law. * * * Although the general law defining the practice of law is well settled, this court has not yet set forth the specific standards for proving an allegation of unauthorized practice of law."
 {¶ 28} In that case, the supreme court decided, for the benefit of the bar association, to do so. After a careful analysis of the facts of the case, the court admonished the bar association that "an allegation that an individual or entity has *Page 9 
engaged in the unauthorized practice of law must be supported by either an admission or other evidence of the specific act or acts upon which the allegation is based."
 {¶ 29} Based upon the language used by the supreme court, this court cannot find the trial court erred in granting judgment in favor of FirstMerit on the pleadings filed in this case. A person who engages in the practice of law in Ohio must be licensed by the supreme court; otherwise, he or she ordinarily cannot obtain compensation for "legal" services rendered to another. Middleton Assoc. v. Weiss (June 19, 1997), Cuyahoga App. No. 71416; Cocon, Inc. v. Botnick Bldg. Co. (1989),59 Ohio App.3d 42; cf., Foss v. Berlin (1981), 3 Ohio App.3d 8.
 {¶ 30} By that same token, a person who claims to have been harmed by conduct alleged to have constituted the unauthorized practice of law must take his or her claim through the avenues prescribed by the Ohio Supreme Court, because it is the court with exclusive jurisdiction to make that determination. Disciplinary Counsel v. Alexicole, Inc.,105 Ohio St.3d 52, 2004-Ohio-6901; Fravel v. Stark Co. Bd. of Revision,88 Ohio St.3d 574, 2000-Ohio-430.
 {¶ 31} Crawford additionally argues that the trial court erred in opining that her complaint failed to state a claim upon which relief could be granted. This was an issue raised by FirstMerit as an affirmative defense to her action. *Page 10 
 {¶ 32} The trial court's "belief that FirstMerit's employees were not engaged in the practice of law, however, does not render its resolution of FirstMerit's Civ.R. 12(C) motion for judgment on the pleadings reversible. An appellate court must affirm a judgment if it is correct.Oglesby v. Columbus (Feb. 8, 2001), Franklin App. No. 00AP-544. The trial court merely commented that, in its view, an alternative basis for the same result existed.
 {¶ 33} Accordingly, for the foregoing reasons, Crawford's first and second assignments of error are overruled.
 {¶ 34} The trial court's order is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J. and MARY EILEEN KILBANE, J. CONCUR *Page 1