GREENSPAN, Appellant,

v.

THIRD FEDERAL SAVINGS & LOAN, Appellee.

[Cite as *Greenspan v. Third Fed. S. & L.*, 177 Ohio App.3d 372, 2008-Ohio-3528.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89850.

Decided May 22, 2008.

Mark Schlach; and Cohen & Malad, L.L.P., Richard E. Shevitz, and Vess A. Miller, for appellant.

Baker & Hostetler, L.L.P., John D. Parker, Brett A. Wall, Karl Fanter, and Anne M. Davet, for appellee.

---

CHRISTINE T. MCMONAGLE, Judge.

{¶ 1} Appellant, Gary A. Greenspan, filed a complaint for money had and received and unjust enrichment against Third Federal Savings and Loan. The gravamen of his claim was that Third Federal charged him, and routinely charged its other mortgage loan customers, a "document preparation" fee of approximately $300. He further alleged that the preparation of the loan documents constituted the unauthorized practice of law. He sought to recoup money paid by him for document preparation relating to a $38,000 loan taken from Third Federal in 2002, and secured upon his real estate by a mortgage. He also sought class certification on behalf of others who had been similarly charged "anytime after June 13, 2001."

{¶ 2} Third Federal filed an answer and then moved for judgment on the pleadings under Civ.R. 12(C), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The trial court subsequently granted Third Federal's motion, ruling that there was no private right of action "for enforcing directly or collaterally the unauthorized practice of law" prior to September 15, 2004. The court further held that for any claims arising after September 15, 2004, there is a private right of action, but that the action "may occur only upon a finding by the Supreme Court that the other person has committed an act that is prohibited by the Supreme Court as being the unauthorized practice of law." Greenspan

now appeals in a single assignment of error alleging that the trial court erred by granting defendant's motion for judgment on the pleadings. The court never addressed the matter of class certification during the pendency of this matter.[1]

{¶ 3} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a "belated" Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. However, a Civ.R. 12(C) motion is specifically designed for resolving questions of law. *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 752 N.E.2d 267. When considering a motion for judgment on the pleadings, the trial court is required to accept as true all the material allegations of the complaint and draw all reasonable inferences in favor of the nonmoving party. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113.

{¶ 4} It is important in analyzing this case to note that Greenspan's complaint alleges that he entered into the questioned loan agreement with Third Federal in July 2002. On that date, R.C. 4705.07 (the statute prohibiting the unauthorized practice of law) provided simply that "no person not licensed to practice law in this state shall hold him or herself out as an attorney at law, represent to others that he is authorized to practice law, or use the title of 'lawyer,' 'attorney at law,' 'counselor at law,' or in any other fashion advertise or hold himself out as a lawyer, attorney or counselor at law."

{¶ 5} The statute was substantially amended on September 15, 2004, by the addition of the following language:

{¶ 6} "(B) * * *

{¶ 7} "(2) Only the supreme court may make a determination that any person has committed the unauthorized practice of law in violation of division (A)(3) of this section.

{¶ 8} "(C)(1) If necessary to serve the public interest and consistent with the rules of the supreme court, any person who is authorized to bring a claim before the supreme court that alleges the unauthorized practice of law in violation of division (A)(3) of this section may make a motion to the supreme court to seek interim relief prior to the final resolution of the person's claim.

{¶ 9} "(2) Any person who is damaged by another person who commits a violation of division (A)(3) of this section may commence a civil action to recover actual damages from the person who commits the violation, upon a finding by the

---

1. Greenspan's personal claim accrued in 2002; however, he did request class certification for others, some of whose claims would, in fact, be governed by the statute as amended. However, insofar as the class was never certified, there is no relevance whatsoever to the terms of the amendment, except as to the specific language that its terms are not retroactive.

supreme court that the other person has committed an act that is prohibited by the supreme court as being the unauthorized practice of law in violation of that division. The court in which that action for damages is commenced is bound by the determination of the supreme court regarding the unauthorized practice of law and shall not make any additional determinations regarding the unauthorized practice of law. The court in which the action for damages is commenced shall consider all of the following in awarding damages to a person under division (C)(2) of this section:

{¶ 10} "(a) The extent to which the fee paid for the services that constitute the unauthorized practice of law in violation of division (A)(3) of this section exceeds the reasonable fees charged by licensed attorneys in the area in which the violation occurred;

{¶ 11} "(b) The costs incurred in paying for legal advice to correct any inadequacies in the services that constitute the unauthorized practice of law in violation of division (A)(3) of this section;

{¶ 12} "(c) Any other damages proximately caused by the failure of the person performing the services that constitute the unauthorized practice of law to have the license to practice law in this state that is required to perform the services;

{¶ 13} "(d) Any reasonable attorney's fees that are incurred in bringing the civil action under division (C)(1) or (2) of this section.

{¶ 14} "(3) Divisions (C)(1) and (2) of this section apply, and may be utilized, only regarding acts that are the unauthorized practice of law in violation of division (A)(3) of this section *and that occur on or after the effective date of this amendment.*" (Emphasis added.)

{¶ 15} Third Federal interprets this amendment as standing for the proposition that prior to September 15, 2004, there was no cause of action for the unauthorized practice of law and that the cause of action was created for the first time, by this amendment.

{¶ 16} However, prior to September 15, 2004, three significant cases were litigated in reference to R.C. 4705.07. The first of these was *Foss v. Berlin* (1981), 3 Ohio App.3d 8, 3 OBR 9, 443 N.E.2d 197. In *Foss*, the Tenth District held that "[a]lthough plaintiff's actions in drafting the contract constituted the unauthorized practice of law, such conduct is available to defendant as a defense only should plaintiff attempt to profit from the unauthorized practice itself, by attempting to charge defendant a fee for drafting the contract." [2] Id. at 10, 3 OBR 9, 443 N.E.2d 197.

---

**2.** The court found that the plaintiff was not attempting to profit from the unauthorized practice of law but that he sought "compensation for selling real property as a broker," and, accordingly, the judgment of the trial court was affirmed.

{¶ 17} Some eight years later, in *Cocon, Inc. v. Botnick Bldg. Co.* (1989), 59 Ohio App.3d 42, 570 N.E.2d 303, Cocon represented Botnik Building Company at a tax-valuation hearing before the Summit County Board of Revision and, for its services, charged Botnik $17,811.45. When Botnik refused to pay, Cocon sued, and the trial court found that because Cocon had engaged in the unauthorized practice of law as prohibited by R.C. 4705.01, summary judgment should be granted to Botnik. The Ninth District affirmed and held the summary judgment to be appropriate.

{¶ 18} Another eight years later, the Eighth District was heard upon this very same issue. In *Middleton & Assoc. v. Weiss* (June 19, 1997), Cuyahoga App. No. 71416, 1997 WL 337616, Judge David Matia, joined by Judges Nahra and Dyke, addressed the same issue raised by *Cocon,* i.e., whether a nonlawyer who represented someone before a board of revision could collect a fee for that representation. The Eighth District reached the same conclusion as did the Ninth and Tenth Districts and affirmed the trial court's dismissal of Middleton's claim for fees.

{¶ 19} These three cases constitute more than just a walk down memory lane. They clearly establish that over a span of 23 years before the amendment of R.C. 4705.07 in 2004, there was common-law recognition that proof that a plaintiff had engaged in the unauthorized practice of law was, in fact, a defense to a suit for fees.

{¶ 20} The question we have before us today concerns a corollary issue, i.e., whether a plaintiff may recoup fees already paid from one who engaged in the unauthorized practice of law. Try as we might, we can conclude nothing but that this is a distinction without a difference; if the law permits one to resist paying a fee for unauthorized legal representation, it inexorably follows that one should be able to recoup a fee paid under the identical circumstances.

{¶ 21} The trial court in this matter relied solely upon *Miami Valley Hosp. v. Combs* (1997), 119 Ohio App.3d 346, 695 N.E.2d 308, in support of its conclusion that the amended statute created the first, and only, private cause of action for unauthorized practice of law.

{¶ 22} In *Miami Valley Hosp.,* a defendant, attempting to avoid a balance due to a hospital after exhaustion of her health insurances, alleged that a collection agency (which was not a party to the lawsuit) had engaged in the unauthorized practice of law in its attempt to collect money from her. While the opinion contains dicta that there is no private right of action for "enforcing [sic] the unauthorized practice of law," the facts are wholly distinguishable from the matter before us because the allegation of unauthorized practice of law did not involve anyone who was a party to the action. Further, *Miami Valley Hosp.* neither cites, nor recognizes, nor distinguishes the cases from the Eighth, Ninth,

and Tenth Districts, which clearly hold that the prohibition against the unauthorized practice of law occurring prior to 2004 could be enforced by a refusal to permit the wrongdoer to collect fees for its activities.

{¶ 23} In its judgment granting Third Federal's motion for judgment on the pleadings, the trial court stated: "For any claims arising prior to September 15, 2004 [the date of the amendment] there was no private right of action for enforcing either directly or collaterally the unauthorized practice of law [citing *Miami Valley Hosp. v. Combs* ]." This statement is in error; there were at least three cases, one of which, *Middleton & Assoc.*, arose within the trial court's own district.

{¶ 24} Moreover, the pleadings in this case do not directly make a claim for the "unauthorized practice of law"; the causes of action here are entitled "monies had and received" and "unjust enrichment." Both of these claims for relief are equitable in nature. "Unauthorized practice of law" was merely the means by which appellant asserted these equitable claims; the "unauthorized practice of law" was never asserted as an independent cause of action.

■ {¶ 25} In sum, R.C. 4705.07, as amended in 2004, does not, by its very terms, apply retroactively. Hence, the holding of the trial court that "there has been no finding by the Supreme Court that Third Federal Savings and Loan has committed an act that is prohibited by the Supreme Court as being the unauthorized practice of law" is irrelevant because before 2004, there was no requirement that the Supreme Court first make such a finding before a private cause of action could be recognized.

{¶ 26} Appellee filed as supplemental authority from the Eighth District *Crawford v. FirstMerit Mtge. Corp.*, Cuyahoga App. No. 89193, 2007-Ohio-6074, 2007 WL 3379927. The facts in *Crawford* are almost identical to the case at bar: Crawford borrowed money from FirstMerit in 2001 and was charged a document-preparation fee that Crawford alleged was the "unauthorized practice of law" and for which she sought restitution. Crawford likewise sought certification as a class action; the record is not clear as to the requested definition of the requested class; nonetheless, as in the instant case, the issue of class certification was never resolved. FirstMerit filed a Civ.R. 12(C) motion for judgment on the pleadings, contending that "only the Ohio Supreme Court could consider a complaint that raised the issue of the unauthorized practice of law." Id. at ¶ 9. The appellate court concluded that "a person who claims to have been harmed by conduct alleged to have constituted the unauthorized practice of law must take his or her claim through the avenues prescribed by the Ohio Supreme Court, because it is the court with exclusive jurisdiction to make that determination." Id. at ¶ 30. This finding is simply in error for reasons we have previously addressed. The requirement that the Supreme Court first find an "unauthorized practice of law"

before a separate cause of action can arise, quite simply, does not apply to acts committed before September 15, 2004.

{¶ 27} Additionally, *Foss, Cocon,* and *Middleton & Assoc.,* from the Tenth, Ninth, and Eighth Districts respectively, none of which have been overruled (or even criticized), all hold that a defendant in a lawsuit may resist a demand for fees charged by one who has engaged in the unauthorized practice of law.

{¶ 28} The only issue before us then is: If, prior to 2004, one was permitted to defend a demand for fees sought by another who generated those fees by the unauthorized practice of law, may one likewise seek a return of fees paid prior to 2004 from one who has generated those fees by the unauthorized practice of law? We discern no difference, answer affirmatively, and, accordingly, reverse the decision of the trial court granting judgment on the pleadings and remand this matter to the trial court for further proceedings.

{¶ 29} Appellant's assignment of error is sustained.

Judgment reversed
and cause remanded.

GALLAGHER, P.J., concurs.

CELEBREZZE, J., dissents.

FRANK D. CELEBREZZE JR., Judge, dissenting.

{¶ 30} I respectfully dissent. As the majority concedes, the facts of this case are almost identical to those in *Crawford v. FirstMerit Mortgage Corp.,* Cuyahoga App. No. 89193, 2007-Ohio-6074, 2007 WL 3379927. Based on the doctrine of stare decisis, I feel compelled to follow this court's decision in *Crawford,* which holds that R.C. 4705.07 places within the exclusive jurisdiction of the Ohio Supreme Court the determination that the alleged conduct constitutes the unauthorized practice of law. Appellants here did not first seek such a determination; therefore, they cannot succeed on the merits of their claims. Accordingly, I would affirm the lower court's decision.