GREENSPAN, APPELLEE, *v.* THIRD FEDERAL SAVINGS & LOAN
ASSOCIATION, APPELLANT.

[Cite as *Greenspan v. Third Fed. S. & L. Assn.,* 122 Ohio St.3d 455, 2009-
Ohio-3508.]

*Lawsuit seeking to recover for bank's alleged unauthorized practice of law —
Document-preparation fee — A private right of action for the unauthorized
practice of law did not exist before September 15, 2004 — The Supreme
Court of Ohio has exclusive jurisdiction over the practice of law in Ohio,
including the unauthorized practice of law.*

(No. 2008-1568 — Submitted June 2, 2009 — Decided July 23, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 89850,
177 Ohio App.3d 372, 2008-Ohio-3528.

_____

**SYLLABUS OF THE COURT**

1. A private right of action for the unauthorized practice of law did not exist
   before September 15, 2004.

2. The Supreme Court of Ohio has exclusive jurisdiction over the practice of law
   in Ohio, including the unauthorized practice of law.

_____

**O'CONNOR, J.**

{¶ 1} This appeal calls upon the court to determine whether a private
cause of action existed for the unauthorized practice of law before R.C. 4705.07
was amended on September 15, 2004, to expressly allow a civil cause of action.
Because courts generally did not recognize a common-law cause of action for the
unauthorized practice of law prior to 2004, and because this court has exclusive
jurisdiction over the unauthorized practice of law, we hold that no such cause of

action existed. We therefore reverse the judgment of the court of appeals and reinstate the trial court's order granting appellant Third Federal Savings & Loan Association's motion for judgment on the pleadings.

**Relevant Background**

**{¶ 2}** Appellee, Gary A. Greenspan, secured a $38,000 mortgage loan from appellant, Third Federal Savings & Loan Association ("Third Federal"), in 2002. Third Federal charged Greenspan a $300 document-preparation fee in connection with the loan. Greenspan later filed a putative class action in the Cuyahoga County Court of Common Pleas seeking disgorgement of the document-preparation fee and alleging common-law claims for (1) unjust enrichment and (2) money had and received. Greenspan alleged that Third Federal routinely charged customers a document-preparation fee for services performed by nonattorney personnel in preparing or completing documents relating to the issuance of mortgage loans, in violation of Ohio law. Greenspan did not file a grievance against Third Federal with the Office of Disciplinary Counsel or contact the local bar association about the matter.[1]

**{¶ 3}** Without issuing a written opinion, the trial court granted Third Federal's motion for judgment on the pleadings. In its journal entry granting Third Federal's motion, the trial court stated that prior to September 15, 2004, there was no private right of action, either directly or collaterally, for the unauthorized practice of law. Greenspan appealed the trial court's judgment to the Eighth District Court of Appeals.

**{¶ 4}** While Greenspan's appeal was pending, the Eighth District decided *Crawford v. FirstMerit Mtge. Corp.*, Cuyahoga App. No. 89193, 2007-Ohio-6074, 2007 WL 3379927, which presented issues nearly identical to those

---

1. The case does not require us to determine whether preparing mortgage documents by nonattorney employees constitutes the unauthorized practice of law. Our holding is limited to whether a private cause of action for the unauthorized practice of law existed before 2004.

raised in Greenspan's appeal. In *Crawford*, the trial court granted the defendant's motion for judgment on the pleadings, holding that the plaintiff's claims were an impermissible attempt to recover damages for the unauthorized practice of law. Id., ¶ 14-15. The Eighth District affirmed, holding that the unauthorized practice of law is within this court's exclusive jurisdiction and that a person who claims to have been harmed by conduct alleged to have constituted the unauthorized practice of law must take his or her claim through the avenues prescribed by this court. Id., ¶ 30. The court of appeals concluded that the plaintiff's claims, however styled, were an attempt to bring an action for the unauthorized practice of law, and therefore, the trial court had properly granted judgment on the pleadings. Id., ¶ 29.

{¶ 5} Despite the holding in *Crawford*, a different panel of the Eighth District reversed the trial court's grant of judgment on the pleadings in the case at bar. *Greenspan v. Third Fed. S. & L.*, 177 Ohio App.3d 372, 2008-Ohio-3528, 894 N.E.2d 1250. The court held that because the unauthorized practice of law was available as a defense to breach-of-contract and fee-collection actions, it "inexorably" followed that it was also available as an affirmative cause of action. Id. at ¶ 20. The appellate court acknowledged that its decision conflicted with *Crawford*, but declared that *Crawford* was "simply in error." *Greenspan* at ¶ 26. Despite this court's mandate in *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, at ¶ 18, and its progeny, the Eighth District did not convene en banc to settle the conflict between the two decisions.

{¶ 6} The case is now before us on our acceptance of a discretionary appeal. *Greenspan v. Third Fed. S. & L.*, 120 Ohio St.3d 1416, 2008-Ohio-6166, 897 N.E.2d 651.

## Analysis

{¶ 7} Third Federal argues that the court of appeals erred in holding that because the unauthorized practice of law may be an affirmative defense to breach-

of-contract and fee-collection actions, it "inexorably" gives rise to a private cause of action. Third Federal asserts that prior to September 2004, no common-law cause of action in Ohio permitted a claim for the unauthorized practice of law. It also claims that no such cause of action could have existed because this court has exclusive jurisdiction over the regulation of attorneys, including the unauthorized practice of law. Thus, according to Third Federal, a private cause of action such as that asserted by Greenspan would necessarily require trial courts to make findings regarding the unauthorized practice of law, thereby invading the exclusive province of this court.

{¶ 8} Greenspan argues that courts have long recognized common-law claims for unjust enrichment and money had and received to recover fees charged by nonlicensed persons for services that must be performed by a licensed professional. Greenspan also contends that because the unauthorized practice of law has been recognized by courts as an affirmative defense in fee-collection actions for services performed by nonlawyers, it follows that the unauthorized practice of law provides a cause of action for recovery of fees already paid for legal services rendered by nonattorneys. Finally, Greenspan argues that trial courts can decide civil cases involving the unauthorized practice of law without improperly invading the exclusive jurisdiction of this court.

**No Common-Law Private Cause of Action Existed Prior to 2004**

*A*

{¶ 9} As an initial matter, the court of appeals held that Greenspan's action did not make a direct claim for the unauthorized practice of law, but rather, asserted common-law claims for unjust enrichment and money had and received. *Greenspan*, 177 Ohio App.3d 372, 2008-Ohio-3528, 894 N.E.2d 1250, ¶ 24. We disagree. Although Greenspan styled his claims as unjust enrichment and money had and received, ultimately, he sought to recover for Third Federal's purported unauthorized practice of law. The fact that Greenspan creatively framed the

4

action as one for unjust enrichment and money had and received does not alter the essential nature of the action. "As this court has long recognized, the substance of the subject matter of a case is determinative, not the form under which a party chooses to bring it." *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 394, 653 N.E.2d 235. Accord *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298 (" 'In determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial' ").

{¶ 10} The unauthorized practice of law, as defined by this court, " 'is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio.' " *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17, quoting Gov.Bar R. VII(2)(A).

{¶ 11} Greenspan's complaint alleges that Third Federal charged him for legal work performed by nonattorney employees. However styled, Greenspan seeks to recover for Third Federal's purported unauthorized practice of law.

*B*

{¶ 12} Prior to 2004, there was no statutory cause of action for the unauthorized practice of law. R.C. Chapter 4705 prohibited nonattorneys from rendering legal services, but did not provide a civil remedy for violation of the statute. On September 15, 2004, the legislature amended R.C. 4705.07. R.C. 4705.07(C)(2) now expressly allows civil recovery for actual damages caused by the unauthorized practice of law. Because the events giving rise to this action occurred before the 2004 amendment, this case turns on whether a common-law right of action for the unauthorized practice of law existed prior to 2004.

**{¶ 13}** Greenspan cites a myriad of cases from various state and federal courts for the proposition that courts have long recognized common-law claims for unjust enrichment and money had and received when a person without a license performs a service for which a license is required.[2]  But the caselaw upon which Greenspan relies almost exclusively relates to architectural and engineering services.  Caselaw acknowledging a common-law claim for recovery of fees charged by unlicensed architects and engineers does not establish the existence of a common-law claim for the unauthorized practice of law.

**{¶ 14}** Greenspan also points to three cases involving legal services rendered by nonattorneys in support of his argument: *Middleton & Assoc. v. Weiss* (June 19, 1997), Cuyahoga App. No. 71416, 1997 WL 337616; *Med Controls, Inc. v. Hopkins* (1989), 61 Ohio App.3d 497, 573 N.E.2d 154; and *Cocon, Inc. v. Botnick Bldg. Co.* (1989), 59 Ohio App.3d 42, 570 N.E.2d 303.  However, none of these cases recognizes an affirmative common-law claim for either unjust enrichment or money had and received arising from the unauthorized practice of law.  Instead, the cases involve breach-of-contract and fee-collection actions in which the court allowed defendants to raise the unauthorized practice of law as a defense to the plaintiffs' attempts to recover fees for services rendered by nonattorneys.

---

2. *McClennan v. Irvin & Co.* (Jan. 30, 1978), Cuyahoga App. No. 36798, 1978 WL 217728 (architect); *Diversified Property Corp v. Winters Natl. Bank & Trust Co.* (1967), 13 Ohio App.2d 190, 42 O.O.2d 307, 234 N.E.2d 608 (securities broker); *Elephant Lumber Co. v. Johnson* (1964), 120 Ohio App. 266, 29 O.O.2d 91, 202 N.E.2d 189 (architect); *Fanning v. College of Steubenville* (1961), 31 O.O.2d 495, 197 N.E.2d 422 (architect); *McGill v. Carlos* (1947), 39 O.O. 502, 81 N.E.2d 726 (architect); *Hedla v. McCool* (C.A.9,1973), 476 F.2d 1223 (architect); *Food Mgt., Inc. v. Blue Ribbon Beef Pack, Inc.* (C.A.8, 1969), 413 F.2d 716 (architect/engineer); *Bauman & Vogel, C.P.A. v. Del Vecchio* (E.D.Pa.,1976), 423 F.Supp. 1041 (certified public accountant); *Markus & Nocka v. Julian Goodrich Architects, Inc.* (1969), 127 Vt. 404, 250 A.2d 739 (architect); *S. Metal Treating Co. v. Goodner* (1960), 271 Ala. 510, 125 So.2d 268 (engineer); *Johnson v. Delane* (1955), 77 Idaho 172, 290 P.2d 213 (engineer); *F.F. Bollinger Co. v. Widmann Brewing Corp.* (1940), 339 Pa. 289, 14 A.2d 81 (architect/engineer); *Keenan v. Tuma* (1926), 240 Ill. App. 448 (architect); *Douglas v. Smulski* (1957), 20 Conn.Supp. 236, 131 A.2d 225 (architect).

6

**{¶ 15}** Contrary to the Eighth District's holding, it does not "inexorably" follow that because the unauthorized practice of law may be an affirmative defense in breach-of-contract and fee-collection actions, an affirmative cause of action for the unauthorized practice of law must exist. Greenspan cites no caselaw, and this court is not aware of any, that recognizes an affirmative common-law cause of action for the unauthorized practice of law.

*C*

**{¶ 16}** In addition to the lack of caselaw recognizing a common-law claim for the unauthorized practice of law, Greenspan simply cannot escape the fact that the Supreme Court of Ohio has exclusive jurisdiction over the practice of law in Ohio, including the unauthorized practice of law. Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court "exclusive power to regulate, control, and define the practice of law in Ohio." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39. "Our jurisdiction thus extends to regulating the unauthorized practice of law * * *." *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16.

**{¶ 17}** In light of our exclusive jurisdiction over the unauthorized practice of law, this court established the Board on the Unauthorized Practice of Law to hear complaints regarding the unauthorized practice of law. Gov.Bar R. VII sets forth the procedures that must be followed in the investigation and adjudication of such claims.

**{¶ 18}** Greenspan argues that because trial courts have "original jurisdiction in all civil cases" pursuant to R.C. 2305.01, they must have jurisdiction over civil actions arising from claims related to the unauthorized practice of law. We are not persuaded by that argument. A common-law claim for the unauthorized practice of law would require trial courts to make determinations explicitly reserved for this court.

{¶ 19} Our holding is consistent with the legislature's 2004 amendment to R.C. 4705.07. In enacting a statutory cause of action for the unauthorized practice of law, the General Assembly avoided invading this court's exclusive jurisdiction over the practice of law by creating a statutory scheme under which a claimant may commence a civil action for the unauthorized practice of law only "upon a finding by the supreme court that the other person has committed an act that is prohibited by the supreme court as being the unauthorized practice of law." R.C. 4705.07(C)(2). Moreover, the statute provides that "[t]he court in which the action for damages is commenced is bound by the determination of the supreme court regarding the unauthorized practice of law and shall not make any additional determinations regarding the unauthorized practice of law." Id. Thus, although trial courts will preside over actions brought pursuant to R.C. 4705.07(C)(2), all determinations regarding the unauthorized practice of law remain within this court's exclusive jurisdiction.

*D*

{¶ 20} Because courts did not recognize a common-law cause of action for the unauthorized practice of law, and because such a cause would invade this court's exclusive jurisdiction over the practice of law, a private right of action for the unauthorized practice of law did not exist before September 15, 2004.

**Appellate Courts Must Convene En Banc to Resolve Intradistrict Conflicts**

{¶ 21} As we reiterated recently, " '[a]ppellate courts are duty-bound to resolve conflicts within their respective appellate districts through en banc proceedings.' " *McFadden v. Cleveland State Univ*., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 7, quoting *In re J.J.,* 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph two of the syllabus; See *In re C.F.,* 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 40 ("appellate courts should resolve internal conflicts through en banc proceedings before initiating a procedure to certify a conflict between districts").

{¶ 22} Courts of appeals have discretion to determine whether an intradistrict conflict exists. However, if the judges of a court of appeals determine that two or more of the court's decisions are in conflict, they must convene en banc to resolve the conflict. *McFadden*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 19. An en banc proceeding is necessary in such situations to promote uniformity, finality, and predictability within appellate districts. See *Textile Mills Secs. Corp. v. Commr. of Internal Revenue* (1941), 314 U.S. 326, 333-335, 62 S.Ct. 272, 86 L.Ed. 249.

{¶ 23} The Eighth District acknowledged that this case involves facts and arguments that are virtually identical to those in *Crawford* and that its decision in this case conflicts with *Crawford*. *Greenspan v. Third Fed. S. & L.,* 177 Ohio App.3d 372, 2008-Ohio-3528, 894 N.E.2d 1250, ¶ 26. However, the court of appeals declined to convene en banc to resolve the conflict, instead stating that the holding in *Crawford* was "simply in error." Id.

{¶ 24} Although the Eighth District erred by not convening en banc to resolve the intradistrict conflict, given our disposition, we need not remand the cause for additional proceedings. We note, however, that courts of appeals must heed the rule of *In re J.J.* and its progeny.

### Conclusion

{¶ 25} Because courts did not recognize a common-law cause of action for the unauthorized practice of law prior to 2004, and because this court has exclusive jurisdiction over the unauthorized practice of law, no private cause of action existed for the unauthorized practice of law before the amendment of R.C. 4705.07 on September 15, 2004. We therefore reverse the judgment of the court of appeals and reinstate the trial court's order granting Third Federal's motion for judgment on the pleadings.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Mark Schlachet; Cohen & Malad, L.L.P., Richard E. Shevitz, and Vess Miller; and Arend J. Abel, for appellee.

Baker & Hostetler, L.L.P., John D. Parker, Thomas D. Warren, Brett A. Wall, and Karl Fanter, for appellant.

_____