TOLEDO BAR ASSOCIATION *v.* VANLANDINGHAM.

[Cite as *Toledo Bar Assn. v. VanLandingham,*
143 Ohio St.3d 328, 2015-Ohio-1622.]

(No. 2014–1497—Submitted January 14, 2015—Decided April 30, 2015.)

Per Curiam.

{¶ 1} On July 29, 2013, relator, Toledo Bar Association, filed a complaint with the Board on the Unauthorized Practice of Law against Rick B. VanLandingham III, of Toledo, Ohio. The complaint alleged that VanLandingham engaged in a single act of the unauthorized practice of law by filing a motion on behalf of his girlfriend in a case pending before the Toledo Municipal Court. Although VanLandingham answered the complaint, he did not respond to relator's motion for summary judgment, which included a certificate of service stating that he had been served with the motion by regular mail.

{¶ 2} The board found that VanLandingham is not licensed to practice law in Ohio and that he engaged in the unauthorized practice of law as charged. Therefore, the board granted relator's motion for summary judgment and recommends that we issue an injunction prohibiting him from engaging in the unauthorized practice of law. Neither party has filed objections to the board's report.

{¶ 3} Upon review, we agree that VanLandingham engaged in the unauthorized practice of law, and we enjoin him from committing further illegal acts and assess costs.

### VanLandingham's Conduct

{¶ 4} VanLandingham has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state. In his answer to relator's complaint, VanLandingham admitted that he prepared a motion to set aside a plea agreement and to vacate the guilty plea of his codefendant, Meghan E. Link, but he claimed that he filed it on his own behalf and that because he had forgotten to sign it, he merely attempted to file it. The certified journal report of the case, submitted with relator's motion for summary judgment, states that the motion was not signed and should not have been docketed.

### VanLandingham Engaged in the Unauthorized Practice of Law

{¶ 5} The Supreme Court of Ohio has original jurisdiction regarding the admission to the practice of law, the discipline of persons so admitted, and all

other matters relating to the practice of law. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co.,* 27 Ohio St.3d 31, 501 N.E.2d 617 (1986). Accordingly, the court has exclusive jurisdiction to regulate the unauthorized practice of law in Ohio. *Greenspan v. Third Fed. S. & L. Assn.,* 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16; *Lorain Cty. Bar Assn. v. Kocak,* 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 6} The unauthorized practice of law is the rendering of legal services for another by any person not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A). This includes the "preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and the courts." *Land Title Abstract & Trust Co. v. Dworken,* 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus.

{¶ 7} The board found that by drafting and filing, or attempting to file, a motion to set aside a plea agreement and to vacate a guilty plea on behalf of Meghan Link in Toledo Municipal Court case No. CRB–12–04420, VanLandingham engaged in the unauthorized practice of law. We agree.

### Sanctions

{¶ 8} Relator did not seek the imposition of a civil penalty. After reviewing the aggravating and mitigating factors enumerated by UPL Reg. 400(F)(3) and (4), the board concluded that a civil penalty was not warranted, given that VanLandingham engaged in a single instance of the unauthorized practice of law, did not benefit from his actions, and does not appear to have caused any harm to a third party.

{¶ 9} Because we find that VanLandingham engaged in the unauthorized practice of law with respect to the motion that he prepared on behalf of another, we accept the board's findings and adopt its recommendation to enjoin VanLandingham from engaging in the unauthorized practice of law in the future.

{¶ 10} Rick B. VanLandingham is enjoined from engaging in the unauthorized practice of law, including all attempts to prepare legal papers on behalf of any person or entity other than himself. Costs are taxed to VanLandingham.

*Judgment accordingly.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Michael A. Bonfiglio, Bar Counsel, and Gregory B. Denny, for relator.

Rick B. VanLandingham III, pro se.