**U.S. BANK, N.A., Appellant,**

v.

**GRAHAM, Appellee.**

[Cite as *U.S. Bank, N.A. v. Graham*, 185 Ohio App.3d 226, 2009-Ohio-6199.]

Court of Appeals of Ohio, First District, Hamilton County.

No. C–090118.

Decided Nov. 25, 2009.

Roetzel & Andress, L.P.A., William P. Coley II, and Jeremy S. Young, for appellant.

Cors & Bassett, L.L.C., Michael L. Gay, and Jesse R. Lipcius, for appellee.

WILLIAM L. MALLORY, Judge.

{¶ 1} Plaintiff-appellant, U.S. Bank, N.A., appeals the summary judgment favoring defendant-appellee, John R. Graham. The trial court concluded that U.S. Bank's claims were untimely because they had been filed outside of the applicable limitations periods. On appeal, U.S. Bank argues that because one of its claims constituted a common-law action for unjust enrichment, the applicable limitations period was six years as provided by R.C. 2305.07. Thus we decide whether an unjust-enrichment claim arising from a Uniform Commercial Code ("UCC") transaction must be filed within three years, under R.C. 1303.16(C), or within six years, under the more general provision in R.C. 2305.07. We hold that an unjust-enrichment claim arising from a UCC transaction that has a specific limitations period must be brought within three years of its accrual and, accordingly, affirm the trial court's judgment.

### I. Graham's Account and Checks Returned for Insufficient Funds

{¶ 2} This appeal arises from several banking transactions that occurred in October 2003. At that time, Graham maintained a bank account at U.S. Bank, and on October 15, the account had an overdraft fee of $429.68. On about October 16, 17, and 18, Graham issued checks for $17,060, $5,000, $900, $300, and $41.70 on his account.

{¶ 3} A couple of days later, on October 20, Graham deposited a $25,000 check from an individual named Tuttle. Based on that deposit, U.S. Bank honored Graham's $5,000, $900, $300, and $41.70 checks, but it rejected payment on the $17,060 check.

{¶ 4} On October 23, U.S. Bank debited Graham's account by $25,000 because the $25,000 check that he had deposited was returned for insufficient funds.

{¶ 5} On October 27, Graham deposited another $25,000 check that had been drawn on the same account used for the October 20 $25,000 check that was returned for insufficient funds. U.S. Bank placed a hold on the deposit to verify the funds, but it curiously honored Graham's previously rejected $17,060 check when it was again presented for payment.

{¶ 6} On the last day of the month, U.S. Bank again debited Graham's account by $25,000 when the second $25,000 deposit was also returned for insufficient funds. So by the end of October 2003, U.S. Bank had paid out $23,301.70 on Graham's overdrawn account.

### II. The Cause of Action and Complaint

{¶ 7} On March 8, 2007, U.S. Bank sued Graham, and in its complaint, it alleged claims of endorser liability and unjust enrichment. The unjust-enrichment claim alleged that "[Graham] ha[d] been unjustly enriched in the amount of $23,301."

{¶ 8} Cross-motions for summary judgment were filed, and the trial court entered judgment for Graham, reasoning that both claims against him were time-barred.

{¶ 9} In this appeal, U.S. Bank challenges only the summary judgment entered on the unjust-enrichment claim, conceding that its endorser-liability claim was filed outside of the applicable statute of limitations.

### III. The Applicable Statute of Limitations

{¶ 10} U.S. Bank urges us to conclude that the statute of limitations in R.C. 2305.07 controlled its unjust-enrichment claim. Under that statute, an action on a contract not in writing, express or implied, must be brought within six

years after the cause of action accrued. In support of its position, U.S. Bank cites *Hambleton v. R.G. Barry Corp.*, which held that the limitations period applicable to actions for unjust enrichment is set forth in R.C. 2305.07.[1]

{¶ 11} But Graham contends that the trial court correctly concluded that the three-year limitations period controlled. Under R.C. 1303.16(C) (UCC Section 3–118[C]), an action to enforce the obligation of a party to pay an unaccepted draft shall be brought within three years after dishonor of the draft.

{¶ 12} U.S. Bank counters that its unjust-enrichment claim was a common-law claim that did not fall within the ambit of the UCC. We are not convinced.

{¶ 13} According to the Ohio Supreme Court, the subject matter of the case is determinative, not the form under which a party chooses to bring it.[2] In this case, the essence of U.S. Bank's claim sought to make Graham pay for an unaccepted check. And the time period to bring a cause of action to enforce the obligation of a party to pay an unaccepted draft is within three years after dishonor of the draft.[3] The Ohio Revised Code is very specific in requiring that claims such as U.S. Bank's be filed within three years of accrual. And merely fashioning its UCC claim—to enforce Graham's obligation to pay for an unaccepted draft—as one for unjust enrichment did not allow U.S. Bank to circumvent the three-year limitations period in R.C. 1303.16(C). Our conclusion is buttressed by the principle that specific statutory provisions govern over general provisions.[4] And in this case, the specific three-year statute of limitations under R.C. 1303.16(C) took precedence over the more general provision found in R.C. 2305.07.

{¶ 14} U.S. Bank paid checks based on deposits that had not been cleared by the issuing bank and sought to enforce Graham's obligation to pay for one unaccepted check, and we are convinced that the time within which to bring suit for this transaction was governed by R.C. 1303.16(C).

{¶ 15} Under R.C. 1303.16(C), U.S. Bank's claim should have been brought within three years of accrual because, though fashioned as one for unjust enrichment, it was essentially a claim to enforce Graham's obligation to pay for

---

1. (1984), 12 Ohio St.3d 179, 12 OBR 246, 465 N.E.2d 1298.

2. *Greenspan v. Third Fed. S & L Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, citing *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 653 N.E.2d 235.

3. R.C. 1303.16(C).

4. R.C. 1.51; see also *Kilgore v. Chrysler Corp.* (2001), 92 Ohio St.3d 184, 749 N.E.2d 267.

an unaccepted check. Accordingly, the summary judgment entered in Graham's favor is affirmed.

Judgment affirmed.

HILDEBRANDT, P.J., and DINKELACKER, J., concur.